UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAQUAN MARQUI BRABHAM, | ) | CIVIL ACTION NO. 1:22-CV-01186 |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | (ARBUCKLE, M.J.) |
| DAVID OWENS *et al.,* | ) | |
| Defendants | ) | |

MEMORANDUM OPINION

## I.  INTRODUCTION

On August 1, 2022, Jaquan Marqui Brabham ("Plaintiff") initiated this *pro se* civil rights case. In his Complaint (Doc. 1), Plaintiff names as Defendants David Owens (the policeman who initially stopped and then arrested him) four other Troopers and two District Attorneys.

Plaintiff brings numerous federal and state claims against these Defendants stemming from the allegedly illegal search of the vehicle he was driving, his arrest following that search, and the state criminal charges brought against him. The evidence against him was suppressed and the charges dropped.

After reviewing Plaintiff's Complaint, I conclude that for the most part it fails to state a claim upon which relief may be granted. Although Plaintiff's Complaint would typically be subject to dismissal, except for his claim against Troop Owens, I

will grant Plaintiff one opportunity to cure the deficiencies noted herein before making a recommendation of dismissal to the District Court.[1]

## II.   LEGAL STANDARD FOR SCREENING COMPLAINTS FILED IN FORMA PAUPERIS

Plaintiff has been granted leave to proceed *in forma pauperis*. (Doc. 8). Because he is proceeding *in forma pauperis*, Plaintiff is subject to the mandatory screening provisions in 28 U.S.C. § 1915(e). The screening procedures set forth in the statute apply to *in forma pauperis* complaints filed by prisoners and non-prisoners alike.[2] Under this statute, the Court is required to dismiss any action that is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.[3]  There is no constitutional right to the expenditure of public funds and the valuable time of federal courts to prosecute an action which is totally without merit.[4]

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal

---

[1] 28 U.S.C. § 1915(e)(2)(B)(ii)
[2] *See Atamian v. Burns*, 236 F. App'x 753, 755 (3d Cir. 2007).
[3] 28 U.S.C. § 1915(e)(2)(B).
[4] *See Collins v. Cundy,* 603 F.2d 825, 828 (10th Cir. 1979).

pleadings drafted by lawyers.'"[5] Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim."[6]

## III.   BACKGROUND & PROCEDURAL HISTORY

This *pro se*, *in forma pauperis* action began on August 1, 2022 when Plaintiff lodged his Complaint. (Doc. 1). As Defendants, Plaintiff names:

1. Pennsylvania State Police Trooper David Owens, ("Defendant Owens");

2. Virginia Hobbs, York County Assistant District Attorney ("Defendant Hobbs");

3. Pennsylvania State Police Trooper Wilker ("Defendant Wilker");

4. Pennsylvania State Police Trooper Busse ("Defendant Busse");

5. Pennsylvania State Police Trooper Coulter ("Defendant Coulter");

6. David W. Sunday, Jr., York County District Attorney ("Defendant Sunday"); and

7. Colonel Robert Evanchick, Commissioner of the Pennsylvania State Police ("Defendant Evanchick").

Plaintiff's complaint can be summarized as follows. Plaintiff alleges that he was arrested at approximately two in the morning by Defendant Owens.  This arrest followed an illegal search and seizure of a car Plaintiff was driving with the

---

[5] *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (*quoting Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

[6] *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

permission of the car's owner. (Doc. 1, p. 6). Defendant Owens did not have probable cause or consent and searched the vehicle. *Id*. Defendant Owens initially "conducted a traffic stop for suspicion of driving under the influence . . . ." *Id*. Plaintiff was ordered out of the vehicle "for multiple roadside sobriety test [sic] and breathalizer [sic] test" which all "produced negative results." *Id*.

Defendant Owens then learned that Plaintiff's driver's license was suspended at which point he permitted Plaintiff to call the owner of the vehicle to come pick it up, which the owner agreed to do. *Id*. Then, "[s]pontaneously, [Defendant Owens] smell[ed] raw marijuana emenating [sic] from the vehicle." *Id*. Defendant Owens asked Plaintiff to provide proof of a medical marijuana card which Plaintiff then did, showing him a digital version as well as "doctor's prescription documents." *Id*.

Next, without consent, Defendant Owens began searching the vehicle and found a "closed zipper bag approx. [sic] ½ [sic] gram(s) of medical marijuana and 3 single packets of medicinal marijuana edible gummy candies." *Id*. at p. 6-7. After finding them, Defendant Owens stopped the illegal search and asked Plaintiff whether the marijuana and gummies were his, to which Plaintiff responded that they were and that they were "within compliance to the Pennsylvania Medical Marijuana Act . . . ." *Id*. at p. 7. Defendant Owens then arrested Plaintiff for possession of the small amount of marijuana and secured Plaintiff in the back of his police vehicle. *Id*.

Defendant Owens then returned to the car and "proceeded to unlawfully search the vehicle without consent or probable cause." *Id*. After "concluding the sweeping unlawful search of the vehicle including the trunk compartment [Defendant Owens] returned to me in the rear of patrol vehicle and asked about the locked glove box and the key for it." *Id*. Plaintiff did not give Defendant Owens a key and told him to speak with the vehicle's owner who was on the way. *Id*. The key Plaintiff had been using to operate the vehicle did not open the glove box. *Id*.

Plaintiff alleges that "during the initial search" two other Troopers arrived on the scene. *Id*. When Plaintiff would not produce a key to the glove box, Plaintiff alleges Defendant Owens and the two other Troopers "proceeded to break into the locked glove box." *Id*. Defendant Owens and the Troopers apparently spent "4-6 minutes vandalizing the glove box and gained entry" where they "allegedly" discovered a firearm. *Id*.

Plaintiff was then taken and "booked on possession of a firearm charge," however all charges were eventually "dropped without prosecution." *Id*.

Plaintiff details thirteen (13) injuries he has suffered as a result of these events. *Id*. at p. 8-9. For relief, Plaintiff requests the Court issue an injunction ordering the police to obey Pennsylvania's Medical Marijuana Act and cease "using a liberty protected interest to further criminal prosecution as a tool to convict." *Id*. Plaintiff requests monetary damages for lost wages, legal fees, "the money spent to support

oneself through confinement, [and] the debt accumulated from utility bills and rent of housing." *Id*. Plaintiff also requests "punitive compensation for intentionally inflicting mental and emotion [sic] distress, disregarding ones liberty, freedoms, and governing laws of protections." *Id*.

To his Complaint Plaintiff attaches a copy of a Suppression Order issued in the criminal case against him arising from these events, (Doc. 1-1, pp. 1-28) and the Order dismissing the charges against him (Doc. 1-2, p.1). Plaintiff also attaches three news articles that discuss the Supreme Court case *Thompson v. Clark*. (Doc. 1-3, pp.1-3).

## IV.  ANALYSIS

We begin by outlining the claims Plaintiff makes.

a.  Plaintiff's Complaint contains numerous claims generally against the seven listed Defendants. However, Plaintiff does not mention Defendants Hobbs, Wilker, Busse, Coulter, Sunday or Evanchick anywhere in his Complaint beyond the caption and the section listing the Defendants' mailing addresses.

b.  Plaintiff is unable to bring 42 U.S.C. § 1983 claims for rights arising under the Constitution of Pennsylvania or Pennsylvania law.

c.  Plaintiff does not properly state § 1983 claims that relate to his attempted Fourth Amendment malicious prosecution, Eighth Amendment cruel and unusual punishment, or Fifth Amendment due process claims.

d. Plaintiff does state a sufficient Fourth Amendment § 1983 unreasonable search and seizure claim against Defendant Owens.

e. Plaintiff cannot sufficiently plead any State Constitutional claims.

f. Pennsylvania law authorizes the use of marijuana. Federal law prohibits any marijuana use. The state law protects marijuana users who follow state guidelines. Federal law does not. Plaintiff comes to federal court seeking to use Pennsylvania law to sue law enforcement personnel who he claims did not follow the state law that that protects his marijuana use. This Court will decline to exercise jurisdiction over any state law claim Plaintiff may have arising under 35 P.S. § 10231.2103(a).

g. Lastly Plaintiff's request for injunctive relief cannot be granted.

The Court will explain each of these conclusions in turn.

### A. PLAINTIFF DOES NOT STATE ANY CLAIMS AGAINST DEFENDANTS HOBBS, WILKER, BUSSE, COULTER, SUNDAY AND EVANCHICK

Plaintiff does not state any claims against Defendants Hobbs, Wilker, Busse, Coulter, Sunday or Evanchick. Plaintiff names these six Defendants in the caption but pleads zero facts about how they are related to this case. The Complaint does not mention any of them by name outside of the caption and the section listing the Defendant's mailing addresses. That is insufficient. If Plaintiff wishes to prosecute claims he might have against any of these six Defendants, he must comply with Federal Rule of Civil Procedure 8 and plead sufficient facts as to each Defendant for

each claim against that Defendant.[7] As written, Plaintiff's Complaint does not state any viable claims against any of these six named Defendants.

### B. PLAINTIFF'S ATTEMPTED 42 U.S.C. § 1983 CLAIMS ARISING UNDER THE CONSTITUTION AND LAW OF PENNSYLVANIA FAIL

Plaintiff attempts to bring numerous 42 U.S.C. § 1983 claims against Defendants. However, as explained above, he only discusses the actions of Defendant Owens in his Complaint. He does not mention any of the other Defendants.

Generally, there are two fundamental requirements for every § 1983 claim. "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States."[8] "It is well settled that § 1983 does

---

[7] While a *pro se* plaintiff is entitled to a liberal construction of their pleading, they are not "excused from complying with the rules of procedural and substantive law." *Hayden v. Allegheny Health Network*, No. 2:21-cv-525, 2022 WL 783430, at *5 (W.D. Pa. Mar. 15, 2022); *see McNeil v. U.S.*, 508 U.S. 106, 113 (1980). Federal Rule of Civil Procedure 8(a) and (a)(2) states "a pleading that states a claim for relief must contain: . . . a short and plain statement of the claim showing that the pleader is entitled to relief." To state a claim Plaintiff must plead ""enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element[s]." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The idea is that Rule 8 requires a complaint to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957); *e.g., Twombly*, 550 U.S. at 545)). This allows the defendant to "respond on the merits." *Garrett v. Wexford Health*, 938 F.3d at 69, 94 (3d Cir. 2019).

[8] *Shuman v. Penn Manor Sch. Dist.*, 422 F.3d 141, 146 (3d Cir. 2005).

not confer any substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred."[9] To bring a claim under Section 1983, a plaintiff must allege facts that show: 1) a deprivation of a federally protected right, and 2) that this deprivation was committed by a person acting under color of state law.[10] Additionally, for a § 1983 claim a plaintiff "must plead that each Government-official defendant, through his own individual actions, has violated the Constitution."[11]

As a general matter, a plaintiff must plead "enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element[s]."[12] Plaintiff has not stated sufficient facts to include any of the other Defendants individually in a §1983 claim.

Plaintiff attempts to bring 42 U.S.C. § 1983 claims against all Defendants for rights arising under the Constitution of Pennsylvania and Pennsylvania law. These claims must fail. I will discuss each in turn.

---

[9] *Williams v. Pa. Human Relations Comm'n*, 870 F.3d 294, 297 (3d Cir. 2017) (quoting *Hildebrand v. Allegheny Cty.*, 757 F.3d 99, 104 (3d Cir. 2014) (internal citations omitted)).

[10] *Woloszyn v. Cty. of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005).

[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

[12] *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

i.   *PLAINTIFF'S § 1983 CLAIMS FOR RIGHTS ARISING UNDER THE CONSTITUTION OF PENNSYLVANIA*

To the extent Plaintiff attempts to bring § 1983 claims for violations of rights conferred by the Constitution of Pennsylvania, these claims fail. One requirement of any § 1983 claim is that a plaintiff must show a deprivation of a *federally* protected right.[13] Any civil rights conferred by the Constitution of Pennsylvania are state rights, not federal rights. If Plaintiff is in fact trying to bring § 1983 claims for violations of rights conferred by the Constitution of Pennsylvania those claims fail.

ii.   *PLAINTIFF'S § 1983 CLAIM FOR RIGHTS ARISING UNDER 35 P.S. § 10231.2103 FAILS*

Although unclear, Plaintiff appears to try and bring some sort of claim(s) arising under Pennsylvania's Medical Marijuana Act, 35 P.S. § 10231.2103. The section Plaintiff cites is under "Protections for patients and caregivers" and provides that "patients" shall not be "subject to arrest, prosecution or penalty in any manner . . . solely for lawful use of medical marijuana or manufacture or sale or dispensing of medical marijuana . . . ." 35 P.S. § 10231.2103(a). To the extent Plaintiff tries to bring a § 1983 claim to vindicate any rights Pennsylvania's Medical Marijuana Act may provide him, Plaintiff is unable to do so. Again, to bring a claim under § 1983 a plaintiff must allege facts showing the deprivation of a *federally* protected right.[14]

---

[13] *Woloszyn*, 396 F.3d at 319.
[14] *Id.*

Any rights conferred to Plaintiff under Pennsylvania's Medical Marijuana Act would be state rights, not federal rights. Therefore, any § 1983 claims for violations of any rights conferred by Pennsylvania's Medical Marijuana Act fail.

### C. PLAINTIFF FAILS TO STATE 42 U.S.C. § 1983 CLAIMS UNDER THE FOURTH AMENDMENT (MALICIOUS PROSECUTION), EIGHTH AMENDMENT (CRUEL AND UNUSUAL PUNISHMENT), AND FIFTH AMENDMENT (DUE PROCESS)

Plaintiff attempts to bring 42 U.S.C. § 1983 claims under the Fourth Amendment for malicious prosecution, the Eighth Amendment for cruel and unusual punishment, and the Fifth Amendment for due process violations. Plaintiff fails to adequately plead these claims. I will discuss each claim in turn.

### i. *PLAINTIFF DOES NOT STATE A FOURTH AMENDMENT § 1983 MALICIOUS PROSECUTION CLAIM*

Plaintiff's Complaint does not state a Fourth Amendment § 1983 malicious prosecution claim. "To prove malicious prosecution under section 1983 when the claim is under the Fourth Amendment, a plaintiff must show that: (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as

a consequence of a legal proceeding."[15] Plaintiff has not adequately pleaded all of these elements.

As to the first element, Plaintiff has not pleaded that Defendant Owens is the one who initiated the criminal proceedings against him. He describes the stop, the search of the car, his arrest, the further search of the car, the arrival of two other unnamed troopers on the scene and then ends by saying once the firearm was discovered in the glove box, he "was transported and booked on possession of a firearm charge." (Doc. 1, p. 7). It is unclear from this if Defendant Owens initiated criminal proceedings as the affiant against Plaintiff.[16] This means in turn that Plaintiff has not plead enough for the Court to evaluate the third or fourth elements. As to the fifth element, "the alleged seizure must occur as a result of the malicious prosecution, and thus, it must occur chronologically after the pressing of charges."[17] Plaintiff's Complaint states that he was arrested on the scene before the firearm he was ultimately charged with possessing was found. It is unclear whether and for how long Plaintiff was incarcerated once he was formally charged as his Complaint does

---

[15] *Johnson v. Knorr*, 477 F.3d 75, 82 (3d Cir. 2007) (citation omitted).

[16] "Although prosecutors rather than police officers are generally responsible for initiating criminal proceedings, [a]n officer may, however, be considered to have initiated a criminal proceeding if he or she knowingly provided false information to the prosecutor or otherwise interfered with the prosecutor's informed discretion." *Brockington v. City of Phila.*, 354 F. Supp. 2d 563, 569 (E.D. Pa. 2005) (internal citations and quotations omitted).

[17] *Basile v. Twp. of Smith*, 752 F. Supp. 2d 643, 659 (W.D. Pa. 2010).

not detail anything beyond his being "booked on possession of a firearm charge." (Doc. 1, p. 7).

As to element two, Plaintiff directs the Court's attention to *Thompson v. Clark*, 142 S. Ct. 1332, 1340 (2022) to show that he need not prove "the criminal prosecution ended with some affirmative indication of innocence." The Court of course agrees. Plaintiff did adequately plead element two. However, Plaintiff still must fix his Complaint's deficiencies as to the other four required elements for the malicious prosecution claim to go forward.

If Plaintiff chooses to amend his Complaint and assert any Fourth Amendment malicious prosecution claim(s) against any Defendants, including Defendant Owens, he must include "a short and plain statement of the claim showing that [he] is entitled to relief," Fed. R. Civ. P. 8, with sufficient factual allegations to give the Court reason to believe he could meet all the required elements,[18] and to put the Defendants on notice of what the claim against each of them is.[19]

> ii.   *Plaintiff Cannot State an Eighth Amendment § 1983 Cruel and Unusual Punishment Claim*

Plaintiff's Eighth Amendment § 1983 cruel and unusual punishment claim fails. The Court is unable to determine what the Plaintiff is claiming was cruel and unusual punishment. At best the Complaint could tenuously be interpreted as

---

[18] *Phillips*, 515 F.3d at 234; *Twombly*, 550 U.S. at 556.
[19] *Conley*, 355 U.S. at 47; *e.g., Twombly*, 550 U.S. at 545.

Plaintiff asserting an Eighth Amendment § 1983 cruel and unusual punishment claim for the fact that he was arrested. (Doc. 1). However, the Eighth Amendment does not apply until there is a "formal adjudication of guilt . . . ."[20] Before such an adjudication "pre-trial detainees . . . are protected by the Due Process Clause of the Fourteenth Amendment."[21] Plaintiff has made it clear that he was never found guilty, and the charges were dropped. (Doc. 1, p. 7; Doc. 1-2). Therefore, Plaintiff has no Eighth Amendment § 1983 cruel and unusual punishment claim against any Defendant.  Plaintiff does attempt to bring a due process claim which is analyzed in the next section.

### iii.   *PLAINTIFF DOES NOT STATE A FIFTH OR FOURTEENTH AMENDMENT § 1983 DUE PROCESS CLAIM*

Plaintiff fails to adequately plead a Fifth or Fourteenth Amendment § 1983 due process claim. In the legal claims section of his Complaint, Plaintiff alleges a violation of the Fifth Amendment "right to a fair due process." (Doc. 1, p. 8). "The provisions of the Fifth Amendment only concern, however, federal action, not state or private action."[22] Given that *pro se* complaints are to be liberally construed, the Court will interpret Plaintiff's attempted Fifth Amendment claim as a Fourteenth

---

[20] *Ingraham v. Wright*, 430 U.S. 651, 671 n.40 (1977); *See Tri Thanh Nguyen v. Franklin Cty. Sheriffs Dep't.*, 512 F. App'x 188, 190 (3d Cir. 2013).

[21] *Tri Thanh Nguyen*, 512 F. App'x at 190.

[22] *Walker v. Brittain*, No. 1:22-cv-00965, 2022 WL 4454525, at *3 (M.D. Pa. Sept. 23, 2022).

Amendment claim, which does concern state action.[23] Even doing so, the Court cannot find anything to support a Fourteenth Amendment due process claim in Plaintiff's Complaint.[24] Plaintiff states his claim is for "the right to a fair due process" but never clearly states when he believes he was denied either procedural or substantive due process.

The Court guesses Plaintiff may be referencing the fact of the allegedly unreasonable search and seizure, but that claim is properly brought through the Fourth Amendment as made applicable to the states by the Fourteenth Amendment.[25]

Plaintiff attempts to assert an Eighth Amendment cruel and unusual punishment claim; however he was never convicted and therefore the Court will liberally construe Plaintiff's Complaint as attempting to assert a Fourteenth

---

[23] The standards to evaluate the two claims are essentially the same.

[24] In the legal claims section of his Complaint, after Plaintiff writes "United States 5th Amendment . . . the right to a fair due process," he lists "violation(s) of law" which include cites to the Pennsylvania Medical Marijuana Act as well as numerous cases on topics such as unreasonable searches and seizures and malicious prosecution claims. (Doc. 1, p. 8-9). It is unclear if Plaintiff is somehow trying to suggest these are due process violations. Nothing ties the two together aside from their proximity in the Complaint.

[25] "The Supreme Court has held that when government behavior is governed by a specific constitutional amendment, due process analysis is inappropriate. . . [T]he constitutionality of arrests by state officials is governed by the Fourth Amendment rather than due process analysis." *Berg v. Cty. of Allegheny*, 219 F.3d 261, 269-69 (3d Cir. 2000) (citing *Cty. of Sacramento, et al. v. Lewis*, 523 U.S. 833, 842-43 (1998)). *See also Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 261 (3d Cir. 2010).

Amendment claim.[26] But it is still unclear what exactly Plaintiff is trying to claim was a violation of his Fourteenth Amendment rights. In the injury section of his Complaint Plaintiff states that he "regressed mentally due to unwarranted confinement . . . [and] suffer[s] from the consequencial [sic] occurrence of institutionalization." (Doc. 1, p. 8-9). These are conclusions that are unsupported or unenhanced by any facts. A Complaint "requires more than labels and conclusion."[27]

Moreover, Plaintiff does not allege what, if any, personal involvement Defendant Owens had in Plaintiff's apparent pre-trial incarceration other than his transporting Plaintiff to be "booked."[28] (Doc. 1, p. 7). A showing of personal involvement is a requirement of a § 1983 claim.[29]

Again, if Plaintiff chooses to amend his Complaint and assert any Fourteenth Amendment claim(s) against any Defendants he must meet the pleading requirement of Federal Rule of Civil Procedure 8 as explained above in Section IV(C)(i) of this Order.

---

[26] *Ingraham*, 430 U.S. at 671, n.40.

[27] *Twombly*, 550 U.S. at 555.

[28] Plaintiff does not state whether Defendant Owens was actually the one who transported Plaintiff or that he had anything to do with "book[ing]" Plaintiff, however the Court assumes he was involved given that Plaintiff was in the back of his patrol vehicle. (Doc. 1, p. 7).

[29] *Iqbal*, 556 U.S. at 663.

### D. Plaintiff States a Fourth amendment 42 U.S.C. § 1983 Unreasonable Search and Seizure Claim

Plaintiff states a Fourth Amendment § 1983 unreasonable search and seizure claim against Defendant Owens. In addition to requiring the deprivation of a federally protected right by a state actor,[30] a Fourth Amendment § 1983 unreasonable search and seizure claim requires a plaintiff to allege facts that show the "defendants' actions (1) constituted a "search" or "seizure" within the meaning of the Fourth Amendment, and (2) were "unreasonable" considering the surrounding circumstances."[31] Plaintiff describes more than enough to suggest Defendant Owens conducted a search of the vehicle and seized the Plaintiff by arresting him. (Doc. 1, p. 6-7). In the Suppression Order that Plaintiff attaches to his Complaint the Court of Common Pleas of York County Pennsylvania found the vehicle search unreasonable and suppressed the evidence that was found in the vehicle during Defendant Owens' search. (Doc. 1-1). Plaintiff states in his Complaint that he was arrested after Defendant Owens began his search of the vehicle when Defendant found the medical marijuana and edible gummy candies. (Doc. 1, p. 6-7). If the search was found to be unreasonable and that evidence was suppressed (Doc. 1-1), it is a reasonable inference that Plaintiff's arrest was also unreasonable. At this stage

---

[30] *Woloszyn*, 396 F.3d at 319.

[31] *Open Inns. Ltd. v. Chester Cty. Sheriff's Dep't.*, 24 F. Supp. 2d 410, 424 (E.D. Pa. 1998) (citing *Brower v. Cty. of Inyo*, 489 U.S. 953, 595-600 (1989)).

Plaintiff has adequately plead a Fourth Amendment § 1983 unreasonable search and seizure claim against Owens.[32]

### E.  PLAINTIFF'S STATE CONSTITUTIONAL CLAIMS FAIL

In addition to bringing federal civil rights claims under 42 U.S.C. § 1983, Plaintiff brings three claims alleging violations of rights protected by the Constitution of Pennsylvania. Under the legal claims section of his Complaint, Plaintiff lists "Pennsylvania Article 1 – Section 8 . . . Pennsylvania Article 1 – Section 13 . . . [and] Pennsylvania Article 1 – Section 9 . . . ." (Doc. 1, p. 8). The problem is that Plaintiff fails to point to any cause of action that would afford him damages or any other type of relief under the Pennsylvania Constitution. It is unclear to the Court whether any such private right of action exists.[33] Federal Rule of Civil Procedure 8(a)(2) requires Plaintiff to show that he "is entitled to relief . . . ." In not identifying a cause of action entitling him to relief Plaintiff has not met the requirement of Rule 8(a)(2). Plaintiff must establish that Pennsylvania law creates a

---

[32] The Complaint does not address, nor must we decide at this juncture, if the doctrine of qualified immunity protects Defendant Owens from suit. However, Plaintiff may want to consider whether Defendant Owens would be entitled to qualified immunity and thus be immune from some or all of Plaintiff's 42 U.S.C. § 1983 claims against him.

[33] *See Mbagwu v. PPA Taxi & Limousine Division*, Civ. A. No. 2:21-cv-01470-MMB, 2021 WL 4818965, at *4 n.5 (E.D. Pa. October 15, 2021); *Bane v. City of Phila.*, Civ. A. No. 09-2798, 2009 WL 6614992, at *6 n.5 (E.D. Pa. June 18, 2010); and *Mintz v. Upper Mount Bethel Twp.*, Civ. A. No. 12-6719, 2013 WL 3090720, at *5 (E.D. Pa. June 20, 2013).

private cause of action for violations of the State Constitution.  If Plaintiff chooses to amend his Complaint and wishes to prosecute any of his three state constitutional claims against any Defendant, he must comply with the pleading requirements of Rule 8, elaborated upon above in Section IV(C)(i), including identifying a cause of action to show he "is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).

### F.  THIS COURT WILL NOT EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIM ARISING UNDER 35 P.S. § 10231.2103

Plaintiff appears to attempt some sort of state law claim under Pennsylvania's Medical Marijuana Act, 35 P.S. § 10231.2103. Plaintiff fails to state a claim as he does not identify a cause of action that would afford him relief. 28 U.S.C. § 1367 governs the exercise of supplemental jurisdiction by federal courts and § 1367(c) details when a federal court may decline to exercise supplemental jurisdiction. A court may decline the exercise of supplemental jurisdiction "if (1) the claim raises a novel or complex issue of State law . . . or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

Here, it is unclear if there is a private right of action for Plaintiff to bring. In his Complaint Plaintiff cites to *Palmiter v. Commonwealth Health Sys., Inc.*, 260 A.3d 967 (Pa. Super. Ct. 2021) suggesting that it confirms a private right of action for him. In that case, the Pennsylvania Superior Court found that the Pennsylvania Medical Marijuana Act contained an implied private right of action. However, that case dealt with the Medical Marijuana Act in the context of employment

discrimination. *Id*. While it is true that the section of the Medical Marijuana Act at issue in *Palmiter* (35 P.S. § 10231.2103(b)(1)) and the section at issue here (35 P.S. § 10231.2103(a)) both are under 35 P.S. § 10231.2103 "protections for patients and caregivers" this Court is unwilling to expand the private right of action found in *Palmiter* without further guidance from a state or federal appellate court. Whether or not there is an implied private of action against state officials for violation of 35 P.S. § 10231.2103(a) appears to be a "novel . . . issue of State law." This Court cannot find such a private right of action, nor does Plaintiff cite to any case law or statute creating one for his specific claim. 28 U.S.C. § 1367(c)(1).

Even if there were a private right of action this Court would still decline to exercise supplemental jurisdiction. A district court can decline to exercise supplemental jurisdiction if, "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(4). In this case, Pennsylvania's Medical Marijuana Act is in conflict with federal law as any use of marijuana remains federally illegal. 21 U.S.C. §§ 841-863. The fact that adjudicating the state law would require the Court to enforce a state law directly at odds with federal law is a "compelling reason[] for declining jurisdiction." 28 U.S.C. § 1376(c)(4).

### G. PART OF PLAINTIFF'S REQUESTED RELIEF CANNOT BE GRANTED

Plaintiff requests relief that this Court is unable to award. In his Complaint, Plaintiff requests the Court "issue an injunction ordering the various Police Municipalities governed by Pennsylvania law to adhere to the law thereof in regards [sic] to Pennsylvania Medical Marijuana Act and the Conditions therein, [and] to stop infringing upon the legal rights of Medical Marijuana card holder(s) . . . ." (Doc. 1, p. 8-9). Plaintiff also would like the injunction to order the cessation of "using a liberty protected interest to further prosecution as a tool to convict." *Id*. at 9.

This Court is unable to issue such an injunction. This Court does not have a general supervisory role over proper enforcement of state law. Plaintiff does not bring a class action, nor does he have standing to do so. There are no current state proceedings against Brabham that the Court is aware of.

### H. PLAINTIFF'S MOTION TO SUPPLEMENT COMPLAINT IS DENIED

On September 12, 2022, Plaintiff filed a Motion to Supplement Complaint. (Doc. 7). Plaintiff is being given leave to amend his Complaint. If Plaintiff chooses to amend his Complaint, he may, and should, include his supplemental materials there.

An appropriate Order will follow.

Date:  October 20, 2022

BY THE COURT

*s/William I. Arbuckle*
William I. Arbuckle
U.S. Magistrate Judge